WALDEN, Judge
(dissenting):
I respectfully dissent.
The trial court denied a motion to suppress and the question before us is the correctness of that decision. The motion was denied. Defendant appeals. I would reverse.
Larceny of a horse. The owner suspected the defendant and hired a private detective to follow the defendant for the purpose of locating the horse.
The owner later asked two deputy sheriffs to accompany the owner and another to the defendant’s house in order to insure that a fight didn’t occur while the owner questioned the defendant about the missing horse. They went at night. During the course of the inquiry the defendant became upset and stated that she had the horse and the owner could have it back. It is this statement which defendant unsuccessfully sought to suppress. Defendant testified that at the time she did not realize that her statement could be used in court to convict her of a crime. She said she made the statement only after repeatedly telling all present that she did not take the horse. She testified she finally said she took the horse thinking that would “get rid of them.”
During the inquiry defendant claims that the officers questioned her and threatened to take her to jail. The officers testified that they asked no questions and were there simply as mediators. However, the owner testified that one officer told defendant she could either answer the questions there or be taken downtown and that the officers asked about 10% of the questions.
It is uncontested that no warnings were given defendant prior to the inculpatory statement. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). There is no contest that defendant was officially listed at the Sheriff’s office prior to the visit to her home.
Taking the uncontested facts and testimony and the reasonable and proper inferences to be gained therefrom, I feel that it was established:
1. That the investigation had begun to focus on defendant. In fact she was the only suspect. (If the officers did not know why they were there in the first place, they could not help being enlightened as the questioning of the kind it was progressed.)
2. That she, in real effect, was in custody by reason of being told to answer the questions there or be taken down town.
3. While the officers denied interrogation, I think it was only an intolerable subterfuge, accepting their testimony as true; to say they were only mediators and, in effect, allowing the owner to do what they couldn’t do and then take advantage of it.
4. She was not warned of her right to remain silent or told that her statements could be used against her or that she had a right to counsel. (It is interesting that just following the making of the inculpatory statement *591 one officer told her he would use the statement against her in court — this is hardly the statement of a mediator.)
Without laboring the well known requirements of Miranda and Escobedo, it is clear that the facts here fit the criteria there provided and defendant’s statement should have been suppressed. If the occurrences here revealed should be sanctioned, it will just be a message that the Miranda-Escobedo safeguards can be easily circumvented. How? The officers can just take along a civilian to do the questioning while the officers just “mediate.” That way no warnings are required.
I would reverse with instructions that the statement be suppressed.